[Civ. No. 4367. Second Appellate District, Division One.—July 23, 1924.]

L. F. DOLLEY et ux., Respondents, v. EDWARD D. RAGON et al., Appellants.

[1] CONTEMPT — RECORD ON APPEAL—ALLEGED MISREPRESENTATION OF FACTS BY ATTORNEY—VINDICATION OF CHARGES—DISMISSAL OF PROCEEDING.—In this proceeding in which an attorney was charged with misconduct, in wrongfully misrepresenting in his brief on appeal the facts in the record, the record, in each and every instance, having contained matters which justified said attorney, in his brief, in making the statements contained therein, such attorney is entitled to and is awarded full and distinct vindication of the charges made against him.

(1) 13 C. J., p. 81, sec. 118 (Anno.).

PROCEEDING on appeal charging attorney with misconduct for alleged misrepresentation of facts contained in record on appeal. Proceeding dismissed.

The facts are stated in the opinion of the court.

Henry G. Dent for Informant.

George P. Adams, *in pro. per.*

1.  See 5 Cal. Jur. 900; 6 R. C. L. 493.

THE COURT.—This matter came on for hearing July 21, 1924. At the conclusion of the hearing, wherein an attorney for respondents was accused of acts constituting contempt of court, the decision of the court was announced orally by the presiding justice, as follows:

Mr. George P. Adams was herein charged with misconduct, in wrongfully misrepresenting the facts in the record, such alleged misrepresentations being contained in his brief for respondents. The court examined the petition very promptly after its filing, and made a statement which was made a matter of record, that the whole matter was beyond the jurisdiction of this court, except in so far as there were any charges of misconduct amounting to contempt of this court. There were positive statements made in the petition that the respondents' brief filed by Mr. Adams contained false statements concerning the record, known by Mr. Adams to have been false. Of course, where a statement is made under oath by one purporting to inform the court of acts of that kind, the court is not justified in ignoring them, even though (as in this case happens to be true), the attorney against whom the charges have been made is one in whom the judges of the court, through many years of professional experience, have had complete confidence. For no one is above the law. The informant—who is not a party to the action—suggested to the court that he was not an attorney at law, and that he was willing to furnish the court with the names of five reputable attorneys practicing at the bar of this state, of whom the court might select any two to appear as friends of the court and present the matters complained of. The court, in passing preliminarily upon the application, declined to adopt that exact procedure, but stated that it stood ready to hear an explanation or prosecution of the charges by any reputable attorney who would appear for that purpose. The court has waited for some time; no one has appeared. The informant, Mr. Henry G. Dent, has been informed of this hearing, brought up at the instance of Mr. Adams; has been so informed by notice given in the only way that he has left open to give notice, for in his communications to the court he not only gives no residence or office address, but does specifically give his address as at a certain postoffice box

in the city of Los Angeles. He has been notified by mail in that way, but does not appear.

Nevertheless, it is the duty of the court, I presume, in any instance where a suggestion is made of conduct constituting contempt of court, particularly where it is made under oath by one purporting to know the facts, to examine for itself and see whether the record bears out the charges. This petition was carefully examined by Mr. Justice Houser and by the presiding justice. Mr. Justice Curtis had declined to have anything to do with the decision of the appeal, and declined also to have anything to do with this proceeding because, in a remote and indirect fashion, due to some property interest, he felt that he had a connection with the litigation, or might be thought to have had, such that it was not appropriate for him to take part in the case, although he was not technically disqualified. The examination as made by Mr. Justice Houser and by me led us to the conclusion that upon its face, in certain paragraphs, the petition made a statement of charges which, if true, might constitute misconduct and might be contempt of court. Although the petition was not drawn in the form that a competent attorney familiar with such practice would have drawn it, nevertheless there were some of the elements there of such charges. In substance, these were charges of knowing and intentional misquotation from the record on appeal, charges capable of being tested throughout, as far as the matters are material, by comparison of the charges themselves with the brief and with matters of record. The court has gone through the record, comparing it from page to page in the course of Mr. Adams' argument, and our previous familiarity with the record enables us to pass upon the matter now without further examination.

[1] We are satisfied that in each and every instance the record contains matters which justified counsel (Mr. Adams), in his brief for respondents, in making the statements contained in his brief. And if by chance, in any instance (but we are unable to find that such example exists), there has been any deviation from absolute and strict statement in conformity with the record, there is, nevertheless, every reason for the assumption and for the positive belief that it was mere inadvertence. Everyone knows that in the course

68 Cal. App.—15

of litigations in which numerous details of extensive transactions have to be referred to, as they were referred to in this case, sometimes counsel, and sometimes the judges of the court, will commit errors, whereby a misstatement of fact may be made, or a fact may be omitted which ought to have been included in the statement. That occurs every day. No one reasonably expects perfection in such matters, and no one reasonably charges corrupt intention in the making of such errors. In this connection it is to be observed that appellants themselves never filed any reply to respondent's brief, or complained that there was any misrepresentation therein. Beyond this, we think that men are entitled to the benefit of earned reputations. Where a man has been a recognized, active, and honorable member of the bar for a long series of years, and someone, whether in good faith or otherwise, puts on record a charge of misconduct, the person so charged is entitled to a careful examination of the charges. And unless there is something to sustain the charges, he is entitled to a full and distinct vindication. To that vindication Mr. Adams, on the record here, is now entitled, and the court awards it.

The proceeding is dismissed.